IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff/Respondent, | § § § | |
| | § | C.R. No. V-10-00091 |
| v. | § | (C.A. No. V-11-59) |
| | § | |
| ROOSEVELT BROADUS, | § § | |
| Defendant/Movant. | § | |

## ORDER SETTING AN EVIDENTIARY HEARING

Pending is Movant Roosevelt Broadus' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed with the Clerk on October 31, 2011. (D.E. 36). The United States was ordered to respond and filed its answer on February 14, 2012. (D.E. 42).

Movant's § 2255 motion raises a single claim that counsel was ineffective for failing to file a notice of appeal on his behalf. Id. at 3. The United States concedes in its response that Movant's claim that his counsel failed to appeal requires an evidentiary hearing. Id. at 8.

As to Movant's claims that counsel failed to appeal, the law is clear: "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citations omitted). In Roe, the Supreme Court held "that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484. Moreover, a pro se movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

Applying these standards to the instant case, and taking into account the United States' concession that an evidentiary hearing is required, the Court concludes that Movant is entitled to an evidentiary hearing to determine what communications took place between him and his trial counsel regarding his appeal. See United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (holding district court abused its discretion when it failed to hold an evidentiary hearing on movant's failure to appeal claim, despite his waiver of appellate rights and § 2255 rights). This Court simply is unable to determine on the current record whether Movant is entitled to relief because the issue will turn on the credibility of Movant and his prior counsel. Accordingly, an evidentiary hearing will be held to resolve this issue. See Rule 8 of the Rules Governing Section 2255 Proceedings.

## CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing to address Movant's claim that his counsel was constitutionally ineffective for failing to appeal. Movant is entitled to be represented by counsel at the hearing. See Rule 8 of the Rules Governing Section 2255 Proceedings. Accordingly, the Court appoints Jacyr Heil to represent Movant for the hearing. The Clerk is directed to forward a copy of this Order to newly appointed counsel.

An evidentiary hearing is set for April 4, 2012 at 9:30 a.m.

ORDERED this 1st day of March 2012.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE